Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered February 26, 2014 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, directed that respondent continue to be the parent of primary residence.
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Pursuant to Family Court Act article 6, petitioner father sought “joint custody or full custody [i]f needed[,]” of the parties’ child and specific dates and times for visitation. The father appeals from an order insofar as it directed that respondent mother continue to be the “parent of primary residence.”
We agree with the father that Family Court erred in designating the mother the “parent of primary residence,” thereby implicitly condoning the mother’s relocation to Florida with the child. Inasmuch as “the court made no explicit determination that the relocation was in the best interests of the child, and . . . failed to make findings regarding relevant factors that must be considered in making such a determination” (Matter of McLaughlin v Michaud, 256 AD2d 1130, 1131 [1998]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]), we reverse the order insofar as appealed from and remit the matter to Family Court for a determination, including specific findings, whether relocation to Florida with the mother is in the best interests of the child. Present — Smith, J.P., Centra, Peradotto, Sconiers and Whalen, JJ.